United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40611
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBIE MCCOY BURRESS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-11-ALL
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Bobbie McCoy Burress appeals his conviction for failure to appear for service of sentence in violation of 18 U.S.C. § 3146(a)(2). Burress argues only that the evidence was insufficient to prove beyond a reasonable doubt that his failure to appear was willful.

Because Burress properly moved for a judgment of acquittal after the Government rested and at the close of the evidence, the standard of review for his sufficiency challenge is "whether,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Two days before he was to report to a facility in Fort Worth, Texas, to begin serving his sentence, Burress was in Grand Prairie, Texas. However, on the day he was to report, Burress's vehicle was traced to Wyoming; one day later, when he was taken into custody by local law enforcement officials, Burress was in Montana. As he was being taken into custody, Burress admitted that he was supposed to have reported the previous day; however, he explained that he had come to Montana to take care of unspecified family business and that he was returning to Texas. Based upon this evidence, we conclude that a reasonable trier of fact could have found that Burress acted willfully in failing to report as ordered. See Mendoza, 226 F.3d at 343.

AFFIRMED.